UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL HUNTER,

        Plaintiff,        Case No. 1:13-cv-192

v.

                       Honorable Paul L. Maloney

RICK SNYDER et al.,

        Defendants.

_____/

## ORDER

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. On February 28, 2013, the Court entered an order of deficiency (docket #2) because Plaintiff had failed to pay the $350.00 civil action filing fee or to file the documents as required by 28 U.S.C. § 1915(a)(2) to apply to proceed *in forma pauperis*. Under the provisions of the Prison Litigation Reform Act of 1995, if a prisoner wishes to proceed *in forma pauperis*, the prisoner must file a certified copy of a prisoner trust account statement and an affidavit of indigence. 28 U.S.C. § 1915(a)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997).

       On February 28, 2013, the Court entered an order notifying Plaintiff of his failure to pay the filing fee or to file the aforementioned documents. The Court instructed Plaintiff to file an affidavit of all the assets he possesses, a statement that he is unable to pay the fee or give security therefor, and a statement of the nature of the action. 28 U.S.C. §§ 1915(a)(1) & (2). The Court also instructed Plaintiff to file a certified statement of the activity in his prison trust account for the 6 months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2); *see McGore*, 114 F.3d at 605. On March 29, 2013, Plaintiff filed an account statement for the month of February

(docket #3), but failed to file the requisite affidavit and certified account statement for the 6 months immediately preceding the filing of the complaint.

On April 12, 2013, the Court entered a second deficiency order (docket #6) noting the deficiency in Plaintiff's account statement and notifying Plaintiff of his failure to file the documents required to proceed *in forma pauperis*. The Court gave Plaintiff an additional 28 days to file the requisite documents to apply to proceed *in forma pauperis*. The Court warned Plaintiff that, if he failed to pay the filing fee or to file the aforementioned documents, the Court would presume that he is not proceeding *in forma pauperis*, assess the entire filing fee, and dismiss his case for want of prosecution.

On May 2, 2013, Plaintiff filed a trust account statement for the month of January (docket #7-2), but failed to file the requisite affidavit and certified trust account statement for the 6 months immediately preceding the filing of the complaint. Because Plaintiff has failed to comply with the Court's deficiency orders, the Court will issue a judgment dismissing the case without prejudice for lack of prosecution. *See In re Alea*, 286 F.3d 378, 380-81 (6th Cir. 2002); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

IT IS SO ORDERED.

Dated:   May 15, 2013          /s/ Paul L. Maloney
                                Paul L. Maloney
                                Chief United States District Judge